IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGATEL HOMES, LLC, and ZACH IPOUR, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 3:22-cv-1715 |
| CRYSTAL LAGOONS U.S. CORP., | | |
| Defendant. | | |

**FIRST AMENDED COMPLAINT**

Plaintiffs Megatel Homes, LLC ("Megatel") and Zach Ipour file this First Amended Complaint against Defendant Crystal Lagoons U.S. Corp. ("Crystal Lagoons") and respectfully would show the Court as follows:

**I.    Need for Action**

1.   This case stems from Crystal Lagoons' efforts to harass and strong-arm Megatel into entering into a license agreement relating to the design and development of large outdoor lagoons.

2.   Megatel builds homes throughout the State of Texas and had developed plans to build communities that would feature large, outdoor lagoons.  Beginning in July 2020, Megatel and Crystal Lagoons discussed a potential arrangement whereby Megatel would license from Crystal Lagoons certain technology related to the design and operation of the lagoons Megatel planned to develop.  After engaging in good faith negotiations for several months, Megatel ultimately decided to hire another company to lead the design and construction of its lagoons without the need for Crystal Lagoons' technology.

3. Upset that it was unable to secure a licensing deal, Crystal Lagoons filed a petition in Texas state court in Dallas County under Rule 202 of the Texas Rules of Civil Procedure, seeking pre-suit discovery against Megatel and Megatel's Founder and CEO, Zach Ipour, "to investigate a potential claim or suit."

4. In the course of the Rule 202 proceedings, Crystal Lagoons' Intellectual Property Director, Javiera De la Cerda, submitted a declaration, claiming that Crystal Lagoons "is concerned" that Megatel has breached the Parties' Non-Disclosure Agreement and that "Megatel and/or others" are misusing Crystal Lagoon's name and confidential information.  In her declaration, Ms. De la Cerda accused Megatel of breaching the NDA by using Crystal Lagoons' confidential information to design and develop lagoons.  Ms. De la Cerda further asserts that Megatel somehow "misus[ed] Crystal Lagoon's name and confidential information" when Megatel allegedly provided truthful information to appropriate governmental officials in the ordinary course of Megatel's business.

5. Because Megatel and Ipour did absolutely nothing improper by negotiating with Crystal Lagoons in good faith, by disclosing to appropriate government officials that—at that time—it was considering hiring Crystal Lagoons, or by choosing to ultimately work with a third-party contractor instead of Crystal Lagoons, Megatel and Mr. Ipour seek a declaration from this court that they (1) have not breached the Non-Disclosure Agreement, (2) have complied with all duties, if any, under the Non-Disclosure Agreement, (3) have not misused Crystal Lagoons' name, and (4) have not misused Crystal Lagoon' confidential information.

II. **Parties, Jurisdiction, and Venue**

6. Plaintiff Megatel Homes, LLC is a Texas limited liability company with its principal place of business at 2102 Cedar Springs Road, Ste. 700, Dallas, Texas 75201.  Megatel

Homes, LLC has two members: Plaintiff Zach Ipour and Aaron Ipour, both of whom are individual citizens and residents of Texas.

7. Defendant Crystal Lagoons U.S. Corp. is a Delaware corporation with its principal place of business at 1395 Brickell Avenue, Suite 800, Miami, FL 33131. Crystal Lagoons may be served at the following address:

> Universal Registered Agents, Inc.
> 112 Maverick Ct.
> Granbury, TX 79409

8. This Court has jurisdiction over this action under 28 U.S.C. § 1332 as there exists complete diversity between all parties and the amount in controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over Crystal Lagoons based on its contacts with this forum state in connection with the transaction at issue.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this district.

**III.    Factual Allegations**

11. Headquartered in Dallas, Texas, Megatel builds homes and develops residential communities throughout the State of Texas.

12. As early as 2020, Megatel began developing plans to build residential communities that would feature large, open lagoons.

13. Defendant Crystal Lagoons licenses technology related to the design, construction, and operation of lagoons.

14. In or around July 2020, Megatel and Crystal Lagoons began discussing a potential license agreement related to Megatel's development of the Venetian—a community Megatel was planning to develop in Celina, Texas, which would feature a lagoon.

15. In connection with those discussions, Megatel and Crystal Lagoons entered into a Non-Disclosure Agreement on August 6, 2022 (the "NDA"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

16. After entering into the NDA, the Parties engaged in good faith negotiations regarding both the Venetian and several other projects Megatel was planning to develop.

17. During this time, Megatel submitted plans for its various projects to appropriate governmental officials in the ordinary course of Megatel's business. Through its discussions with government officials, Megatel truthfully disclosed that it planned to build lagoons in certain projects and that—at that time—Megatel anticipated partnering with Crystal Lagoons to develop the lagoons.

18. Importantly, Megatel never used Crystal Lagoons' name or confidential information in connection with any marketing efforts. In fact, Megatel carefully instructed its marketing team to refrain from using Crystal Lagoons' name in any advertising or marketing materials.

19. The Parties' negotiations ultimately terminated without a deal, and Megatel contracted with another company to develop lagoons for several of its planned communities.

20. Megatel has not disclosed any information it received from Crystal Lagoons to its current contractor and Megatel's plans and designs for its lagoons do not use any of Crystal Lagoons' allegedly confidential information.

21. After the Parties' negotiations fell through, Crystal Lagoons filed a petition pursuant to Rule 202 of the Texas Rules of Civil Procedure seeking pre-suit discovery in Dallas County, Texas (the "Rule 202 Proceedings").[1]

---

[1] *See Crystal Lagoons U.S. Corp. v. Megatel Homes, LLC, et. al.*, DC-21-11538.

FIRST AMENDED COMPLAINT                                                                                              4

22. Rule 202 allows a party to seek a court order authorizing a deposition "to investigate a potential claim or suit." Tex. R. Civ. P. 202.

23. As part of the Rule 202 proceedings, Crystal Lagoons' Intellectual Property Director, Javiera De la Cerda, submitted a declaration (the "Declaration"), a true and correct copy of which is attached hereto as Exhibit B.

24. In her Declaration, Ms. De la Cerda claims, among other things that Crystal Lagoons "is concerned" that Megatel has breached the NDA and that "Megatel and/or others" are misusing Crystal Lagoon's name and confidential information. *See* Exhibit B, ¶ 16.

25. Ms. De la Cerda alleges that Megatel breached the NDA by using Crystal Lagoons' confidential information to design and develop lagoons. ¶¶ 15-16. Ms. De la Cerda further asserts that Megatel somehow "misus[ed] Crystal Lagoon's name and confidential information" when Megatel allegedly provided truthful information to appropriate governmental officials in the ordinary course of Megatel's business. *Id.* ¶¶ 10–14, 16.

26. Megatel has fully complied with the NDA and denies Ms. De la Cerda's accusations to the contrary. Megatel and Mr. Ipour deny Ms. De la Cerda's accusations that Megatel breached the NDA agreement or that Megatel or Mr. Ipour somehow misused Crystal Lagoons' name or confidential information.

27. This suit is now necessary to resolve the Parties' dispute.

## CAUSE OF ACTION

### Count 1—Declaratory judgment

28. Megatel and Ipour incorporate by reference the foregoing paragraphs as though fully set forth herein.

29. This dispute involves a justiciable controversy involving the rights and status of the parties. The controversy is real and substantial and involves a genuine conflict and is not merely a theoretical dispute.

30. Megatel and Ipour seek a declaration that they:

   a. Have not breached the NDA with Crystal Lagoons;

   b. Complied with all duties, if any, under the NDA;

   c. Did not misuse Crystal Lagoons' name; and

   d. Did not misuse Crystal Lagoons' confidential information.

## PRAYER

31. Therefore, upon trial or summary adjudication, Megatel and Ipour seek the following relief:

   a. A declaration that neither Megatel nor Ipour breached the NDA;

   b. A declaration that Megatel and Ipour complied with all duties, if any, under the NDA;

   c. A declaration that neither Megatel nor Mr. Ipour misused Crystal Lagoons' name;

   d. A declaration that neither Megatel nor Mr. Ipour misused Crystal Lagoons' confidential information;

   e. All reasonable attorney's fees and recoverable costs; and

   f. All such further relief at law or in equity to which they may show themselves entitled.

DATED: August 22, 2022                              Respectfully submitted,

**WINSTON & STRAWN LLP**
By: */s/ LeElle Slifer*_____
LeElle B. Slifer
Texas Bar No. 24074549
lslifer@winston.com
Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Timothy J. Farina
Texas Bar No. 24123129
tfarina@winston.com
Winston & Strawn LLP
2121 N. Pearl Street
Suite 900
Dallas, TX  75201
(214) 453-6500 (telephone)
(214) 453-6400 (telecopy)

ATTORNEYS FOR MEGATEL HOMES, LLC AND ZACH IPOUR