**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MEGATEL HOMES, LLC, and ZACH IPOUR, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 3:22-cv-1715 |
| CRYSTAL LAGOONS U.S. CORP., | | |
| Defendant. | | |

**PLAINTIFFS MEGATEL HOMES, LLC, AND ZACH IPOUR'S MOTION TO DISMISS COUNT II OF DEFENDANT'S ANSWER AND COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Megatel Homes, LLC and Zach Ipour (collectively "Megatel") move to dismiss Count II of Defendant Crystal Lagoons U.S. Corp's ("Crystal Lagoons") Original Answer and Counterclaims ("Answer")—common law misappropriation—for failure to state a plausible claim for relief.

**INTRODUCTION**

There are two types of common-law misappropriation under Texas law—misappropriation of an individual's name, image, or likeness, which amounts to an invasion of privacy, and misappropriation of a product created through extensive time, labor, skill, and money, which is commonly referred to as misappropriation of a business opportunity. *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-cv-2027, 2020 WL 5099596, at *12–13 (N.D. Tex. Aug. 7, 2020), *report and recommendation adopted*, No. 3:19-cv-2027, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020). Although Crystal Lagoons only asserts one misappropriation counterclaim, it confusingly alleges both types of misappropriation. But regardless of its muddled pleadings, Crystal Lagoons fails to state a plausible misappropriation claim under either theory.

As to the first type of misappropriation, Texas law recognizes a claim for misappropriation of an *individual's* name, image, and likeness, but does not allow corporations to bring the same claim. *Doggett v. Travis Law Firm, P.C.*, 555 S.W.3d 127, 132 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (finding that because Texas courts have not recognized a corporation's right to privacy, defendant could not recover for invasion of privacy by appropriation of name or likeness). Thus, Texas law precludes Crystal Lagoons' misappropriation claim based on this theory.

Nor can Crystal Lagoons plead a claim for misappropriation under the second theory— misappropriation of a business opportunity. To state a claim under this theory, a plaintiff must allege: (i) the creation of plaintiff's *product* through extensive time, labor, skill and money; (ii) the

defendant's use of that *product* in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff; and (iii) commercial damage to the plaintiff. *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied) (emphasis added). This type of claim is typically brought in cases involving counterfeit products. *See, e.g.*, *Mission Trading Co., Inc. v. Lewis,* No. CV H-16-3368, 2017 WL 4941408, at *6 (S.D. Tex. Nov. 1, 2017). But where a plaintiff alleges mere misappropriation of a trademark or trade name, courts in Texas and across the country have routinely held that such claims are not covered by misappropriation. *See Jim S. Adler, P.C.*, 2020 WL 5099596, at *12–13. Here, however, Crystal Lagoons does not and cannot allege that Megatel misappropriated any "product" of Crystal Lagoons, only that Megatel misappropriated Crystal Lagoons' "name and trademarks." Dkt. No. 10 ¶¶ 55–57. And this sort of claim unquestionably falls within the ambit of trademark law and not misappropriation, and therefore should be dismissed. *See Opportune LLP v. Oportun, Inc.*, No. H-18-7, 2018 WL 8755511, at *3 (S.D. Tex. Apr. 24, 2018).

Thus, since Crystal Lagoons' factual allegations do not support a claim for misappropriation under either theory, the Court should dismiss this counterclaim with prejudice.

## FACTUAL BACKGROUND

Megatel builds homes throughout the State of Texas and had developed plans to build communities that would feature large, outdoor lagoons. Dkt. No. 9 ¶ 2. Beginning in July 2020, Megatel and Crystal Lagoons discussed a potential arrangement under which Megatel would license from Crystal Lagoons certain technology related to the design and operation of the lagoons Megatel planned to develop. *Id*. Pursuant to these discussions, the parties signed a non-disclosure agreement ("NDA"). *Id*. But after engaging in good-faith negotiations for several months, Megatel

ultimately decided to hire another company to lead the design and construction of its lagoons without the need for Crystal Lagoons' technology. *Id*.

On August 8, 2022, Megatel filed a declaratory judgment action against Crystal Lagoons, seeking a declaration that it had not breached the NDA or misused Crystal Lagoons' name or confidential information by negotiating with Crystal Lagoons in good faith and ultimately choosing to work with a third-party contractor instead of Crystal Lagoons. Dkt. No. 1. On October 24, 2022, Crystal Lagoons filed its answer, asserting breach-of-contract and misappropriation counterclaims against Megatel. Dkt. No. 10. Megatel's motion is directed only at Crystal Lagoons' misappropriation counterclaim. According to Crystal Lagoons, it has "devoted years of labor, skill, and money to establishing Crystal Lagoons' product, brand, and related trademarks." *Id*. at ¶ 53. Yet, according to Crystal Lagoons, Megatel has "misappropriated Crystal Lagoons' **name, image, and trademarks** for [its] own commercial use and monetary gain" and this "use of Crystal Lagoons' **name and trademarks** [has given] [Megatel] a special competitive advantage" and damaged Crystal Lagoons. *Id*. at ¶¶ 55–57 (emphasis added).

Beyond those paper-thin allegations, Crystal Lagoons' Answer does not contain much more detail regarding the basis for its misappropriation claim. Indeed, notably absent from Crystal Lagoons' allegations are any allegations that Megatel misappropriated any "product" of Crystal Lagoons or that Megatel even used a product in competition with Crystal Lagoons. Instead, Crystal Lagoons' misappropriation allegations resemble allegations asserted in trademark-infringement claims. Indeed, Crystal Lagoons alleges that Megatel—during the time it was considering hiring Crystal Lagoons—"invoked Crystal Lagoons' name and trademarks during a meeting of the City Council of Anna, Texas, in August 2020 . . . [and] in connection with a September 2020 Forney City Council meeting." *Id*. at ¶¶ 36–38. And, according to Crystal Lagoons, "this misuse has

3

prompted confusion regarding Crystal Lagoons' involvement in, support for, and/or sponsorship of . . . Megatel development[s]." *Id.* ¶ 36. But likely realizing that any claim for trademark infringement would fail out of the gate, Crystal Lagoons attempts to shoehorn its allegations into a misplaced misappropriation claim. Yet misappropriation law is not the appropriate legal vehicle for differentiating infringing uses from legitimate uses of marks. Accordingly, the Court should not allow Crystal Lagoons to style its allegations as a misappropriation claim to avoid dealing with the legal standards of trademark infringement.

## LEGAL STANDARD

Rule 12(b)(6) empowers a court to dismiss a claim when a plaintiff has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). The Court must not "accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

## ARGUMENT AND AUTHORITIES

Texas law recognizes two types of common-law misappropriation—misappropriation of an individual's name, image, or likeness and misappropriation of business opportunity. *Jim S. Adler, P.C.*, 2020 WL 5099596, at *12–13. However, Crystal Lagoons' allegations that Megatel "misappropriated Crystal Lagoons' name, image, and trademarks" fail under either theory. Dkt. No. 10 ¶ 55. First, because Texas law does not allow corporations to recover for misappropriation

4

of an individual's name, image, or likeness, Crystal Lagoons' allegations fail to state a claim under this theory of misappropriation. Second, because Crystal Lagoons has failed to allege that Megatel misappropriated a "product" of Crystal Lagoons, its factual allegations also do not support a claim for misappropriation of business opportunity. Accordingly, Crystal Lagoons' misappropriation claim must be dismissed with prejudice.

## I. A Corporation Cannot Recover for Misappropriation of its Name or Image under Texas Law.

Crystal Lagoons alleges that Megatel misappropriated its "name" and "image." Dkt. No. 10 ¶ 55. Yet, Crystal Lagoons' allegations fail to state a misappropriation claim because Texas law does not allow a corporation to recover for misappropriation of name or image. *See Doggett*, 555 S.W.3d at 132.

Misappropriation of an *individual*'s name, image, or likeness is a type of invasion of privacy claim recognized under Texas law.[1] *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (noting that misappropriation of "name or likeness of another is subject to liability to the other for invasion of privacy"); *see also Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 776 (N.D. Tex. 2007) (treating a misappropriation claim based on image the same as a misappropriation claim based on name and likeness). That said, while Texas courts recognize an individual's right to privacy, importantly, "[n]o Texas authority has recognized a corporation's right to privacy." *Doggett*, 555 S.W.3d at 130 (collecting cases); *see also Abbott v. GameTech Int'l, Inc.*, No. 03-06-00257-CV, 2009 WL 1708815, at *7 (Tex. App.—Austin June 17, 2009, pet. denied) ("There is no Texas authority recognizing a right to privacy on the part of a corporation,

---

[1] The other two types of invasion-of-privacy claims recognized under Texas law are: (1) intrusion upon seclusion or solitude or into one's private affairs; and (2) public disclosure of embarrassing private facts. *Id.* at 130; *see also Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994) (discussing cases recognizing each type of privacy right).

5

and we decline to recognize one here."). Thus, because Texas courts have not recognized a corporation's right to privacy, there is no question that Crystal Lagoons, a Delaware corporation, cannot recover for invasion of privacy by appropriation of name or image.

## II. Crystal Lagoons Cannot State a Plausible Claim for Misappropriation of Business Opportunity Because a Trademark Is Not a "Product."

"Misappropriation is a branch of the tort of unfair competition which involves the appropriation and use by the defendant, in competition with the plaintiff, of a unique pecuniary interest created by the plaintiff through the expenditure of labor, skill and money." *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 368 (5th Cir. 2000). To state a claim for common-law misappropriation of business opportunity, a plaintiff must plead sufficient facts to show: (1) the creation of plaintiff's *product* through extensive time, labor, skill, and money; (2) the defendant's use of that *product* in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff. *U.S. Sporting Prods., Inc.*, 865 S.W.2d at 218. Here, by parroting these elements, Crystal Lagoons attempts to assert a misappropriation of business opportunity claim. *Cf.* Dkt. No. 10 ¶¶ 53–57. Yet Megatel's allegations fail to state a claim because Crystal Lagoons does not (and cannot) allege that Megatel misappropriated any "product" of Crystal Lagoons or even that Megatel "use[d] [any] product in competition with [Crystal Lagoons]." *See U.S. Sporting Prods., Inc.*, 865 S.W.2d at 218.

### A. Trademarks Are Not "Products" As a Matter of Law.

As Judge Horan recently explained, "[m]isappropriation is a state common law offshoot of the general law of unfair competition and invoked when the plaintiff creates a valuable 'thing' that the defendant has 'appropriated' at little cost." *Jim S. Adler, P.C.*, 2020 WL 5099596, at *12 (dismissing plaintiff's claim for misappropriation of a trademark with prejudice because such a

claim is not recognized under Texas law). Importantly, Judge Horan noted the well-accepted principle that "[t]he 'thing" that the plaintiff seeks to protect must not otherwise be protected by another theory of recovery—and specifically, not by traditional common law theories of unfair competition, such as trademark infringement." *Id.* (citing Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 10:47-48 (4th ed.); *Buc-cee's, Ltd. v. Shepherd Retail, Inc.*, No. 4:15-cv-3704, 2017 WL 6387799, at *12 (S.D. Tex. July 21, 2017), *report and recommendation adopted in part, rejected in part on other grounds sub nom*, *Buc-cee's, Ltd. v. Panjwani*, 4:15-cv-3704, 2017 WL 4221461 (S.D. Tex. Sept. 21, 2017); *Mueller Co. v. U.S. Pipe & Foundry Co.*, No. 03–cv–170, 2003 WL 22272135, at *3 (D.N.H. Oct. 2, 2003) ("the misappropriation theory [ ] has been reserved for the vindication of commercial rights left unprotected by trademark principles")). The treatise that Judge Horan cited further noted that misappropriation also should not be used to vindicate "breach of [a] confidential relationship." *McCarthy* § 10:47-48.

Because of this, courts have repeatedly held that a trademark cannot be a "product" for purposes of a misappropriation claim and have routinely dismissed claims based on similar allegations. *See Jim S. Adler, P.C.*, 2020 WL 5099596, at *13 (dismissing plaintiff's claim for misappropriation of a trademark with prejudice because such a claim is not recognized under Texas law); *Opportune LLP*, 2018 WL 8755511, at *3 (same); *Buc-cee's, Ltd.*, 2017 WL 6387799, at *12 (same); *Pennell v. Triton Media, LLC*, No. A-12-CA-706, 2013 WL 12131202, at *3 (W.D. Tex. Jan. 10, 2013) (same); *see also McCarthy* § 10.50 ("[T]he misappropriation doctrine should not be used in ordinary trademark infringement cases to short-circuit trademark law's carefully crafted standards of protection."). Federal courts applying similar state laws in other jurisdictions have held similarly based on the same reasoning. *See Estate of Jenkins v. Paramount Pictures*

7

*Corp.*, 90 F. Supp. 2d 706, 714 n.26 (E.D. Va. 2000), *aff'd*, 2001 WL 401320 (4th Cir. Apr. 20, 2001); *Abbott Labs. v. Nutramax Prods., Inc.*, 844 F. Supp. 443, 447 (N.D. Ill. 1994); *Sykes Lab., Inc. v. Kalvin*, 610 F. Supp. 849, 855 (C.D. Cal. 1985). As many courts and leading commentators have recognized, if misappropriation could be based on use of trademarks, trademark law would be eviscerated. *See McCarthy* § 10:72 ("If there can be such a thing as misappropriation of another's trademark, irrespective of distinctiveness and likelihood of buyer confusion, then a big step has been taken to wipe out the law of trademarks.").

Courts that have allowed misappropriation claims to go forward that include trademarks do so only because they also include (1) the sale of some product by the defendant, in competition with the plaintiff, and (2) the misappropriation of some additional "thing" not protected by trademark law or some other confidential relationship. *See Mission Trading Co., Inc. v. Lewis*, No. CV H-16-3368, 2017 WL 4941408, at *6 (S.D. Tex. Nov. 1, 2017) (defendant allegedly sold counterfeit products in competition with plaintiff utilizing plaintiff's trademarks, UPC codes, images, and product descriptions); *Sefton v. Jew*, 201 F. Supp. 2d 730, 749 (W.D. Tex. 2001) (defendant allegedly republished without permission plaintiff's copyrighted photographs together with plaintiff's email address, service marks, and marketing text).

Unlike *Mission Trading Co* and *Sefton*, however, Crystal Lagoons does not allege that Megatel marketed or sold competing products using Crystal Lagoons' name or trademarks. Instead, Crystal Lagoons plead that Megatel "invoked Crystal Lagoons' name and trademarks during a meeting of the City Council of Anna, Texas, in August 2020 . . . [and] in connection with a September 2020 Forney City Council meeting." Dkt. No. 10 at ¶¶ 36–38. As Judge Horan noted, such allegations would already be covered by either trademark law or another confidential relationship (here, specifically, the NDA). *See Jim S. Adler, P.C.*, 2020 WL 5099596, at *12

8

(citing *McCarthy* § 10:47-48). But by styling its allegations as a misappropriation claim, Crystal Lagoons seeks to evade the lackluster claim it knew it could not plead, let alone win—trademark infringement—and ignores that its other claim already addresses the entirety of the dispute between the parties—breach of the NDA.

Therefore, Crystal Lagoons' pleadings do not allege a misappropriation claim and the Court should dismiss Crystal Lagoons' misappropriation claim with prejudice.

## CONCLUSION

For the reasons above, Megatel requests that the Court dismiss Count II of Crystal Lagoons' Answer with prejudice pursuant to FED. R. CIV. P. 12(b)(6).


DATED: November 30, 2022                    Respectfully submitted,

                                            **WINSTON & STRAWN LLP**
                                            By: */s/ LeElle B. Slifer*
                                            LeElle B. Slifer
                                            Texas Bar No. 24074549
                                            lslifer@winston.com
                                            Thomas M. Melsheimer
                                            Texas Bar No. 13922550
                                            tmelsheimer@winston.com
                                            Timothy J. Farina
                                            Texas Bar No. 24123129
                                            tfarina@winston.com
                                            2121 N. Pearl Street
                                            Suite 900
                                            Dallas, TX  75201
                                            (214) 453-6500 (telephone)
                                            (214) 453-6400 (telecopy)

                                            ATTORNEYS FOR MEGATEL HOMES,
                                            LLC AND ZACH IPOUR

CERTIFICATE OF SERVICE

This is to certify that, on this 30th day of November, 2022, a true and correct copy of the above was served on counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/LeElle B. Slifer*
LeElle B. Slifer