UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGATEL HOMES, LLC, and ZACH IPOUR, | § § § § § § § § § § § § § | |
| *Plaintiffs/Counter-Defendants,* | | |
| v. | | Civil Action No. 3:22-CV-1715-X |
| CRYSTAL LAGOONS U.S. CORP., | | |
| *Defendant/Counter-Plaintiff.* | | |

## MEMORANDUM OPINION AND ORDER

Crystal Lagoons U.S. Corp. ("Crystal Lagoons") sells technology that aids in the construction of man-made lagoons for swimming and watersports. Megatel Homes, LLC—a Dallas-based developer—and its president, Zach Ipour (collectively "Megatel"), initially considered licensing Crystal Lagoons's technology for use in their residential developments. But once negotiations failed, Megatel pursued the lagoon concept with another contractor. Megatel sued for declaratory relief, and Crystal Lagoons counterclaimed, alleging breach of contract and misappropriation of Crystal Lagoon's name, image, and trademarks. Megatel now moves to dismiss that misappropriation claim. [Doc. 15]. For the following reasons, the Court **GRANTS** that motion and **DISMISSES WITHOUT PREJUDICE** Crystal Lagoons's misappropriation claim against Megatel.

1

## I. Factual Background

Megatel is a Texas homebuilder. Crystal Lagoons has developed and patented technologies for lagoon construction, including systems for water treatment, bottom cleaning, filtration, and disinfection. In July 2020, Megatel and Crystal Lagoons began discussing the possibility of Megatel's licensing Crystal Lagoons's technology for its developments. Megatel and Crystal Lagoons signed a non-disclosure agreement ("NDA"), which prohibited both parties from using "confidential information," including "products of [Crystal Lagoons.]"[1] The NDA also prohibited the use of Crystal Lagoons's name or trademarks without the corporation's authorization.

After months of negotiations, Megatel took its business elsewhere. Suspicious that Megatel had violated the NDA, Crystal Lagoons sought pre-suit discovery in state court. According to Crystal Lagoons's state-court filings, Megatel's new development would include a "crystal lagoon" that was "remarkably similar to [the amenities] contemplated under the NDA and which [had] the characteristics of a lagoon using Crystal Lagoons'[s] technology."[2] The state court partially granted that discovery.

Megatel then sued in this Court seeking a declaration that it had not breached the NDA. In response, Crystal Lagoons brought counterclaims for breach of contract

---

[1] Doc. 9-1 at 2.

[2] Doc. 9-2 at 6.

2

and misappropriation of its name, image, and trademarks. Megatel now moves to dismiss the misappropriation claim.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[3] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

## III. Analysis

To prove common law misappropriation in Texas, a plaintiff must show "(i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.,* a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff."[6] Megatel challenges that first element.

---

[3] *See Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[5] *Id.*

[6] *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004) (cleaned up).

For that first element, Crystal Lagoons defines its allegedly misappropriated "product" as its "name, image, and trademarks."[7]  Here's the problem with that statement: Although a plaintiff may bring a common law misappropriation claim "when the plaintiff creates a valuable 'thing' that the defendant has 'appropriated' at little cost,"[8] there's a catch.  "The 'thing' that the plaintiff seeks to protect must not otherwise be protected by another theory of recovery . . . ***such as trademark infringement***."[9]  Unsurprisingly, then, "numerous [] courts have rejected the theory of misappropriation of a trademark under [Texas] common law," as well as claims for misappropriation of "name or likeness."[10]  The Court agrees.  Crystal Lagoons may not masquerade a trademark-infringement claim as a misappropriation claim.

Crystal Lagoons raises one primary objection.  It notes the general idea that "Texas misappropriation law is specially designed to protect the *labor*—the so-called

---

[7] Doc. 10 at 22.

[8] *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-CV-2027-K-BN, 2020 WL 5099596, at *12 (N.D. Tex. Aug. 7, 2020) (Horan, M.J.), *report and recommendation adopted*, No. 3:19-CV-2027-K-BN, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (Kinkeade, J.).

[9] *Id.* (emphasis added).

[10] *Id.*; *accord Buc-ee's, Ltd. v. Shepherd Retail, Inc*, No. 15-CV-3704, 2017 WL 6387799, at *12 (S.D. Tex. July 21, 2017) ("The leading treatise on trademark and unfair competition law cautions against finding a cause of action for misappropriation based on alleged trademark violations."), *report and recommendation adopted in part, rejected in part on other grounds sub nom. Buc-ee's, Ltd. v. Panjwani*, No. 4:15-CV-03704, 2017 WL 4221461 (S.D. Tex. Sept. 21, 2017); *Pennell v. Triton Media, LLC*, No. A-12-CA-706-SS, 2013 WL 12131202, at *3 (W.D. Tex. Jan. 10, 2013) (dismissing a common law misappropriation claim for not alleging an "independent misappropriation cause of action" from "a claim for unfair competition under trademark law"); *Opportune LLP v. Oportun, Inc.*, No. H-18-7, 2018 WL 8755511, at *3 (S.D. Tex. Apr. 24, 2018) ("Plaintiff cites no authority at variance with the broad consensus that the mere misuse of a trademark is insufficient to state a claim for misappropriation.  Because Plaintiff does not allege that Defendants misappropriated any product other than Plaintiff's trademarks, Defendants are entitled to dismissal of Plaintiff's misappropriation claim."); *Festive Farm Co. v. BE Creations and Designs, Inc.*, 6:22-CV-0994-ADA-JCM, 2023 WL 3662661, at *4 (W.D. Tex. May 9, 2023) ("Because Plaintiff's claim of common law misappropriation more closely resembles a claim for trademark misappropriation, Defendant's motion to Dismiss . . . should be granted."), *report and recommendation adopted*, 2023 WL 3656943 (W.D. Tex. May 24, 2023).

'sweat equity'—that goes into creating a work."[11] Because of "the work that Crystal Lagoons expended to develop the innovative technology for its lagoon amenities," Crystal Lagoons contends that it has sufficiently alleged a product under Texas law.[12] There are two problems with that theory.

First, it's a non-sequitur. The amount of sweat equity Crystal Lagoons put into its technology is neither here nor there. That does nothing to rebut the fact that Crystal Lagoons alleges misappropriation of trademark, and courts have refused to recognize such a cause of action. Tellingly, Crystal Lagoons can't point to any Fifth Circuit or Texas precedent recognizing a claim for common law trademark misappropriation.[13] Without any such authority, the Court must follow the well-reasoned opinions declining to find such a claim.

Second, Crystal Lagoons plays a shell game. For instance, in defining the *product* at issue, Crystal Lagoons's briefing refers to the "technology" that it has "developed . . . over several years."[14] Although that product might not constitute a trademark, Crystal Lagoons's complaint doesn't appear to allege a misappropriation claim over that product. Instead, Crystal Lagoons's complaint describes the *product* that Megatel allegedly misappropriated as its "name, image, and trademarks."[15] The

---

[11] *Dresser-Rand*, 361 F.3d at 839 (cleaned up).

[12] Doc. 19 at 6.

[13] *Cf. Avanti Sales Intern., Inc. v. Pycosa Chemicals, Inc.*, No. 01-04-00983-CV, 2005 WL 2670740, at *7 (Tex. App.—Houston [1st Dist.] Oct. 20, 2005, no pet.) ("Avanti pled unfair competition based on trademark infringement and misappropriation. However, the instruction supporting Avanti's proposed jury question for unfair competition included only trademark infringement as a basis for liability.").

[14] Doc. 19 at 6.

[15] Doc. 10 at 22.

5

shell game won't hornswoggle the Court. If Crystal Lagoons wishes to base its misappropriation claim on its technology, it may attempt to do so. But it may not make a misappropriation claim based on its trademark.

### IV. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Crystal Lagoons's common law misappropriation claim against Megatel. Crystal Lagoons may file an amended complaint within 28 days defining an allegedly misappropriated "product" that is not a trademark.

**IT IS SO ORDERED** this 10th day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE