UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEGATEL HOMES LLC, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 3:22-CV-1715-X |
| § | |
| CRYSTAL LAGOONS US CORP, § | |
| § | |
| *Defendant.* § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Crystal Lagoon US Corp's ("Crystal Lagoons") motion for partial summary judgment on the liability elements of Count I (breach of a non-disclosure agreement) in its own original counterclaims (Doc. 75). Having considered the briefing and applicable law, the Court **DENIES** Crystal Lagoons's motion for partial summary judgment. (Doc. 75).

**I. Background**

This case is about a business deal that could've been. Megatel Homes, LLC is a real-estate developer in Texas, with Zach Ipour as its president (collectively, "Megatel"). Megatel planned to develop "unique, innovative master-planned communities" with a "resort-style . . . lagoon."[1] To complete this development, Megatel hired third-parties to make up a "Lagoon Communities [T]eam" of architects, designers, and developers. Megatel argues the members of the Lagoon Communities Team "would have needed to work closely" with whichever vendor

---

[1] Doc. 85 at 9.

1

Megatel chose for the lagoons, and they "played an important role in helping Megatel vet" potential vendors.[2] Megatel initially considered hiring Crystal Lagoons. Crystal Lagoons licenses its technology related to the design and operation of man-made lagoons in constructing communities with large, outdoor communities. While negotiating a potential licensing agreement with Megatel, Crystal Lagoons sent over a non-disclosure agreement, and Ipour called a Crystal Lagoons representative to confirm that the NDA wouldn't prevent Megatel from sharing the materials and information with its Lagoon Communities Team made up of third-party contractors. Megatel claims that the representative did confirm that understanding. Ipour signed the NDA on behalf of Megatel, and then Crystal Lagoons provided information including a "Basic Lagoon Guide." The parties negotiated, and Megatel ended up going a different way.

Crystal Lagoons filed a state court petition seeking pre-suit discovery to investigate whether Megatel breached the NDA by misusing Crystal Lagoons's confidential information. Megatel sued in this Court for declaratory relief that it didn't breach the NDA, and Crystal Lagoons brought counterclaims for breach of contract and misappropriation of trademarks. The Court already dismissed the misappropriation claim, and now Crystal Lagoons seeks partial summary judgment on the liability elements of its breach of contract claim.

---

[2] *Id.* at 10.

## II. Legal Standards

### A. Summary Judgment

"Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] "Evidence is construed in the light most favorable to the non-moving party, and [courts] draw all reasonable inferences in that party's favor."[4] "There is a genuine issue of a material fact if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5]

### B. Applicable Law

"To determine the applicable law, a federal court sitting in diversity applies the choice of law rules of the forum,"[6] here, Texas. The Court is tasked with applying New York substantive law as the parties agreed that the NDA would be governed by New York law.[7]

### C. Breach of Contract

For Crystal Lagoons to prevail on a breach of contract claim under New York law, it must show that "(1) a contract exists; (2) [Crystal Lagoons] performed in accordance with [that] contract; (3) [Megatel] breached its contractual obligations; and (4) [Megatel's] breach resulted in damages."[8] Crystal Lagoons seeks partial

---

[3] *R & L Inv. Prop., L.L.C. v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013) (cleaned up).

[4] *Id.* (cleaned up).

[5] *Id.* (cleaned up).

[6] *See Ottemann v. Knights of Columbus*, 36 F.4th 600, 605 (5th Cir. 2022).

[7] *See* Doc. 10-1 at 3.

[8] *Martinez v. Agway Energy Servs., LLC*, 88 F.4th 401, 409 (2d Cir. 2023) (quoting *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (2022)).

summary judgment on the first three elements of its breach of contract claim, and elements two and three (performance and breach) seem to be disputed.[9] The Court finds a genuine issue of material fact, and, as such, **DENIES** Crystal Lagoons's summary-judgment motion.

### III. Analysis

Crystal Lagoons argues that the NDA between it and Megatel is a valid contract.[10] This isn't disputed. Next, in four short sentences, Crystal Lagoons argues it performed under the NDA by disclosing the Basic Lagoon Guide to Megatel.[11] Crystal Lagoons conclusively states that the Guide "fits squarely within the meaning of 'Confidential Information' under the NDA" without providing the Guide itself or an affidavit.[12] All Crystal Lagoons provided was an email exchange between the Crystal Lagoons representative and Ipour describing the Guide as "an overview of the technology."[13] The Court thinks this point—whether the Guide is "Confidential Information" under the NDA—relates more to breach.

As to breach, Crystal Lagoons roots its breach theory on the claims that Megatel violated the NDA by forwarding the Guide to Megatel's Lagoon Communities Team, "refer[ing] to a 'Crystal Lagoon' when presenting to city officials" on development plans, and mentioning that it anticipated partnering with

---

[9] *See* Doc. 76.

[10] *Id.* at 7.

[11] *Id.* at 8–9.

[12] *See id.*

[13] Doc. 77 at 10.

Crystal Lagoons.[14]

When challenged by Megatel on the lack of evidence showing whether the Basic Lagoon Guide is "Confidential Information" under the NDA, Crystal Lagoons posits that providing the Basic Lagoon Guide "would strip the Guide of its confidentiality."[15] The Court has a few responses. First, to the extent the Basic Lagoon Guide contains confidential information, Crystal Lagoons could have (and should have) filed the Guide with a motion to partially seal or redact the confidential information. The burden is on Crystal Lagoons to show that not a single dispute of material fact exists, and without even providing the underlying document, Crystal Lagoons doesn't give the Court much to work with. Second, it's not enough that Crystal Lagoons argues that describing the Guide as "an overview of the technology"—or even Megatel's description of the Guide as providing "images and diagrams," using "beaches and landscaping around the perimeters," and a cost analysis of different lagoons[16]—proves the Guide falls within the NDA's description of "Confidential Information."[17]

More to the point, Megatel disputes that the Guide was confidential, arguing the Guide was aptly named "basic" because the eight-page document provided

---

[14] *Id.* at 8.

[15] Doc. 92 at 7.

[16] Doc. 92 at 7–8.

[17] The NDA defines "Confidential Information" as "all information (whether marked as Confidential or not) in any media including, but not limited to, all rendering, sketches, drawings, economic proposals, business model, data, know-how, formulae, processes, designs, documents, software, programs, photographs and other material related to the dealings between the parties, the business affairs or products of the Disclosing Party, its customers, clients and business associates disclosed by the Disclosing Party from time to time. Any information created by Recipient using any part of the Confidential Information shall also be Confidential Information. Any and all information relating to the Technology is also Confidential Information." Doc. 77 at 7.

information that was "common sense and/or commonly available."[18] Megatel raises the point that Section 3 of the NDA outlines that which "shall not constitute 'Confidential Information'" includes information that is "freely available in the public domain" or known by the recipient "prior to the time of disclosure."[19] In Ipour's declaration, he states that the Guide held information that was available on its website and other sites and that he had gathered from visiting "publicly-accessible" Crystal Lagoon communities.[20] Whether the Guide contained publicly-accessible or confidential information is a fact dispute.

## IV. Conclusion

As the Court found a fact dispute on whether the Crystal Lagoon Guide constituted "Confidential Information," the Court **DENIES** Crystal Lagoons's motion for partial summary judgment (Doc. 75).

**IT IS SO ORDERED** this 30th day of July, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] Doc. 85 at 23–24.

[19] *See* Doc. 85 at 23 discussing NDA in Doc. 77 at 7.

[20] Doc. 86 at 7–8.